IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLSTATE INSURANCE COMPANY,

                                                Civil No. 04-3019-CO

        Plaintiff,        FINDINGS AND RECOMMENDATION

   v.

MICHAEL STEPHEN FULMER,
et al.,

        Defendants.

COONEY, Magistrate Judge:

    Plaintiff brings this declaratory judgment action pursuant to 28 U.S.C. §§ 1332 and 2201 against defendants Michael Fulmer and Jennifer Titus, as personal representative of the estate of Michael Ford. Plaintiff seeks a declaration that it has no duty to defend defendant Fulmer in the Titus lawsuit and no duty to indemnify defendant Fulmer for any liability that may be found in the Titus lawsuit.  Plaintiff also seeks costs and disbursements.

Plaintiff moved for summary judgment (#9). This motion was granted as to the duty to defend and denied as to the duty to indemnify until after the criminal trial could take place (#25).

Plaintiff moves for summary judgment on the duty to indemnify (#38). Defendants do not oppose plaintiff's concise statement of facts and concede that plaintiff is entitled to summary judgment.

## I. FACTS

Plaintiff submits the following undisputed facts:

1. On September 19, 2003, defendant Michael Stephen Fulmer entered the home of Michael Ford and shot and killed Ford. (Exhibit A ¶2; Exhibit B at 2).
2. Fulmer was charged with murder as a result of the shooting. (Exhibit C).
3. In the criminal proceeding, Fulmer pleaded the defenses of insanity and extreme emotional disturbance. (Exhibit B).
4. After a bench trial, the criminal court issued a verdict on February 4, 2005, finding that the case came down to Fulmer's mental state at the time he engaged in the criminal conduct, and that all other necessary elements of the criminal charge had been proven by the State beyond a reasonable doubt. The criminal court rejected Fulmer's insanity and extreme emotional disturbance defenses and found Fulmer guilty of murder. (Exhibit D; Exhibit B at 1-2).

5.  Fulmer moved for a new trial and reconsideration of the court's findings on the grounds that he was mentally ill and lacked substantial capacity to either appreciate the criminality of his conduct or conform his conduct to the requirements of the law at the time the homicide occurred and the evidence, therefore, did not support the verdict. Fulmer concedes, in those motions, that he committed a homicide and does not deny that he committed the criminal acts constituting homicide. (Exhibit E).

6.  On March 30, 2005, the criminal court denied Fulmer's post-trial motions by letter. (Exhibit F).

7.  Fulmer filed a Notice of Appeal of the criminal convictions. (Exhibit G).

8.  In October 2003, Titus initiated the Titus lawsuit against Fulmer, asserting claims for Wrongful Death (Intentional Acts) and Wrongful Death (Negligence). (Exhibit A).

9.  On March 11, 2005, Titus moved for partial summary judgment on liability in the Titus lawsuit. (Exhibit H).

10. Titus's motion for partial summary judgment asserted that Titus was entitled to summary judgment on liability, because Fulmer's conviction for murder in the criminal case precluded Fulmer from contesting liability in the wrongful death case. (Exhibit H).

11. The Josephine County Circuit Court granted Titus's motion for partial summary judgment and signed the order granting the

motion on April 14, 2005. (Exhibit I).

12. Plaintiff issued a Deluxe Plus Homeowner's Policy to Fulmer, No. 06481036404/16, effective April 16, 2001 to April 16, 2002. (Exhibit J).

13. The policy included Family Liability Protection Coverage which provides in part:

    Subject to the terms, conditions and limitations of this policy, Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy. (Exhibit J at 7).

14. The policy defines an occurrence as follows:

    Occurrence - means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage. (Exhibit J at 6).

15. The Family Liability Protection Coverage does not apply to the following:

    We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:

    a) such insured person lacks the mental capacity to govern his or her conduct;

    b) such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; or

    c) such bodily injury or property damage is sustained by a different person than that intended or reasonably expected.

    This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of a crime. (Exhibit J at 7).

## II. LEGAL STANDARDS

Pursuant to Rule 56 (c) of the Federal Rules of Civil Procedure, a moving party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56 (c); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir.), cert. denied, 502 U.S. 994 (1991). In deciding a motion for summary judgment, the court must determine, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994)(citations omitted). The parties bear the burden of identifying the evidence that will facilitate the court's assessment. Id.

The moving party bears the initial burden of proof. See Rebel Oil Co., Inc. v. Atlantic Richfield Co., 51 F.3d 1421, 1435 (9th Cir.), cert. denied, 516 U.S. 987 (1995). The moving party meets this burden by identifying portions of the record on file which demonstrates the absence of any genuine issue of material fact. Id. "[T]he moving party . . . need not produce evidence, but simply can argue that there is an absence of evidence by which the nonmovant can prove his case." Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390, 393 (4th Cir. 1994), cert. denied, 513 U.S. 1191 (1995)(citation omitted).

In assessing whether a party has met their burden, the court must view the evidence in the light most favorable to the nonmoving party. Allen v. City of Los Angeles, 66 F.3d 1052 (9th Cir. 1995). All reasonable inferences are drawn in favor of the nonmovant. Id.

If the moving party meets their burden, the burden shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816 (9th Cir. 1995), cert. denied, 517 U.S. 1167 (1996). The nonmoving party cannot carry their burden by relying solely on the facts alleged in their pleadings. Leonard v. Clark, 12 F.3d 885, 888 (9th Cir. 1994). Instead, their response, by affidavits or as otherwise provided in Rule 56, must designate specific facts showing there is a genuine issue for trial. Id.

### III. DISCUSSION

Plaintiff moves for summary judgment arguing that Allstate has no duty to indemnify Fulmer for liability not covered by the policy. Defendant Titus concedes that motion.

The undisputed facts and the clear language of the policy establish that Allstate has no duty to defendant. See Allstate Insurance Co. v. Sowers, 97 Or.App. 658, 660-661 (1989).

### IV. RECOMMENDATION

Based on the foregoing, it is recommended that plaintiff's motion for summary judgment (#38) be granted and a judgment be entered dismissing this case.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten days within which to file a response to the objections*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this \_\_\_7\_\_\_ day of July, 2005.

_____/s/_____

UNITED STATES MAGISTRATE JUDGE